UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| KANDEE ROBERSON, | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) |
| v. | ) |
| | ) Case No.: |
| PHINAZEE CONSTRUCTION & | ) |
| CONSULTING SERVICES, INC., | ) |
| **Defendant.** | ) |

<u>**COMPLAINT AND DEMAND FOR JURY TRIAL**</u>

Plaintiff, by and through the undersigned counsel, hereby brings this action for unpaid overtime wages violations against Defendant pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). Plaintiff alleges that Defendant violated the FLSA by failing to pay Plaintiff wages for all hours worked in a workweek. In support of her Complaint, Plaintiff states as follows:

<u>Parties</u>

1.      Plaintiff is a resident of Hillsborough County, Florida.

2.      Defendant is a construction and consulting services company conducting business in Hillsborough County, Florida.

3.      Plaintiff was employed by Defendant as an office worker from January 30, 2024, until July 1, 2025.

<u>Jurisdiction</u>

4.    Defendant is a construction and consulting services company operating in Hillsborough County, Florida.

5.    Defendant employed Plaintiff as an office worker in Hillsborough County, Florida.

6.    All events giving rise to this action occurred in Hillsborough County, Florida.

7.    Plaintiff brings this action pursuant to the FLSA.

8.    This Court has federal question jurisdiction over Plaintiff's FLSA claim.

<u>Facts</u>

9.    Plaintiff was employed by Defendant as an office worker.

10.    Defendant employed Plaintiff as a non-exempt hourly employee at a rate of $36 per hour.

11.    Plaintiff's primary duties involved providing office support, which included maintaining project records, coordinating documentation and communications, and assisting in the overall administration of construction projects.

12.    Defendant did not pay Plaintiff overtime wages for *all* hours worked beyond 40 in a single workweek during her employment with Defendant.

13.    At all times relevant to this action, Plaintiff worked for Defendant and performed services for Defendant in Hillsborough County, Florida.

14.    During her employment, Plaintiff worked around 40 hours or more per week on a regular basis.

15.    Defendant maintained a practice of altering employee time records to reflect no more than 40 hours per week.

16.    Whenever an employee worked more than 40 hours, Defendant would cross out the actual hours and replace them with 40. The same practice was applied to Plaintiff.

17.    Plaintiff desired to be paid overtime wages for all hours worked beyond 40 in a single workweek, as required by the FLSA.

18.    In addition to failing to pay Plaintiff overtime wages for all hours worked beyond 40, Defendant also required Plaintiff to complete a 30-hour OSHA course.

19.    Plaintiff was permitted to complete only 5 hours of the training during her regular work hours and was required to complete the remaining 25 hours and the final test on her own time, without compensation for any overtime hours associated with the course.

20.    Also, before resigning, Plaintiff took 2 days of approved vacation and Defendant failed to pay Plaintiff for these vacation days.

21.     Defendant failed to include all hours she worked on her timesheets, causing Plaintiff to not receive compensation for the overtime hours.

22.     The actions taken by Defendant were improper and violated the FLSA.

23.     Defendant engaged in an illegal policy of suffering and permitting Plaintiff to work and did not pay Plaintiff the complete wages for *all* hours worked by Plaintiff.

24.     Defendant engaged in an illegal scheme of failing, refusing, or neglecting to pay Plaintiff premium wages for all overtime hours worked while employed by Defendant in an effort to extract work from Plaintiff without compensating Plaintiff for the work provided. Essentially, Defendant engaged in involuntary servitude.

25.     As of this filing, Plaintiff still has not been paid the entirety of her wages and has not been compensated for the full extent of her damages and wage loss under the FLSA.

26.     Plaintiff seeks full compensation, including unpaid overtime wages, back pay, liquidated damages, attorney's fees, and costs because Defendant's conduct in refusing to pay Plaintiff overtime wages was a calculated attempt to extract additional work out of Plaintiff for the benefit of Defendant.

27.    Defendant is a for-profit corporation that operates and conducts business in, among others, Hillsborough County, Florida, and is therefore, within the jurisdiction of the Court.

28.    Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

29.    This action is brought under the FLSA to recover from Defendant unpaid wages in the form of unpaid overtime wages, unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.

30.    The Court has jurisdiction over Plaintiff's claims as all material events transpired in Hillsborough County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

31.    At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organization suggest that the Defendant is a multi-million-dollar operation that has considerable expertise in the construction and consulting industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including goods, materials and supplies, who also use telephones, fax machines and other

instrumentalities of commerce. Specifically, Defendant regularly communicated with out-of-state insurance companies, entities, and persons in the normal course and scope of work.

32.    Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise number of hours worked by Plaintiff during each week of her employment.

33.    Plaintiff has been financially damaged by Defendant's failure to properly compensate Plaintiff for all hours worked.

## COUNT I – UNPAID OVERTIME WAGES

34.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-33, above.

35.    Plaintiff was employed by Defendant and was, at all times, protected by the FLSA.

36.    Defendant violated the FLSA by failing to compensate Plaintiff for all overtime hours worked per week.

37.    Plaintiff worked more than 40 hours per week during numerous weeks of her employment but was not paid premium wages for the overtime hours worked beyond 40.

6

38.    Plaintiff was damaged as a result of Defendant's failure to pay Plaintiff overtime wages for all hours worked beyond 40 in a single workweek.

39.    Plaintiff was entitled to receive one-and-one-half times her regular rate for all hours worked beyond 40 in a single work week.

40.    Defendant also failed to compensate Plaintiff for the 25 hours of the OSHA 30-hour course and the final test that she completed on her own time.

41.    In addition, Defendant did not compensate Plaintiff for 2 days of approved vacation taken prior to her resignation.

42.    As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid overtime wages, liquidated damages, attorney's fees, and costs.

43.    Plaintiff demands jury trial.

**WHEREFORE**, Plaintiff demands judgment against Defendant, including reimbursement for unpaid overtime wages, back pay, front pay, compensatory damages, liquidated damages, costs, and attorney's fees under the FLSA, and other relief as deemed proper by this Court.


DATED February 13, 2026.


**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321

7

LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, FL 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com